■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CURTIS HARDIN, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal by the relator from an order of the Supreme Court, Clinton County, dismissing without a hearing a petition for a writ of habeas corpus. The relator was indicted, found guilty and sentenced on December 1, 1948 on the following counts: robbery, first degree, 15 to 30 years; burglary, first degree, 7½ to 15 years, "with the provision that the sentence imposed upon the burglary conviction be served at the expiration of the sentence imposed for robbery, first degree"; grand larceny, first degree, 5 to 10 years; assault, second degree 2½ to 5 years and assault, second degree 2½ to 5 years. The sentences for grand larceny and for both assault counts were ordered to be served concurrently with the sentence imposed for robbery. The relator maintains that the crime alleged in the first count of indictment, robbery, first degree, is included in the crime of burglary, first degree, alleged in the second count thereof and that he has therefore been doubly punished for one crime in violation of section 1938 of the Penal Law. The relator was previously

before the court when a dismissal of an earlier writ of habeas corpus was affirmed (*People ex rel. Hardin* v. *Jackson*, 1 A D 2d 749). It was there held that since no invalidity in the robbery sentence which the relator was still serving had been shown, the writ was properly dismissed and the validity of the burglary sentence was not considered. The relator now argues that the crime of robbery was included in the crime of burglary and therefore the robbery sentence is invalid. Section 406 of the Penal Law provides that any person who enters a building so as to commit a burglary and while therein commits another crime, may be punished for that crime as well as the burglary. The relator basis his argument on section 1938 of the Penal Law which provides that an act which is made criminal under different provisions of the law may only be punished under one of those provisions. However, the Court of Appeals in *People ex rel. Maurer* v. *Jackson* (2 N Y 2d 259, 264) stated: " It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction." Such is clearly the case here. The indictment alleged the robbery was committed on July 6, 1948 by unlawfully taking certain property from one Julia Whitman against her will, by means of force and violence and fear of injury and with an accomplice actually present. The indictment alleged the burglary was committed on July 6, 1948 by the breaking and entering in the nighttime of the dwelling house of one Philip Whitman with the intent to commit larceny, there being a human being present and the defendent being assisted by a confederate actually present. Thus this is a case of distinct acts which were a part of one transaction violating different sections of the Penal Law and the crime of robbery, first degree was therefore not included in the crime of burglary, first degree. The relator is thus imprisoned under a valid sentence and the petition for a writ of habeas corpus was properly dismissed. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.